# HANG & ASSOCIATES, PLLC
ATTORNEYS AT LAW
136-18 39th Avenue, Suite 1003
Flushing, New York 11354

December 27, 2017

Jian Hang, Esq.
Tel : (718) 353-8588
Fax: (718) 353-6288
Email: jhang@hanglaw.com

**VIA ECF**
The Hon. Steven Tiscione
United States District Court
Eastern District of New York
225 Cadman Plaza E.
Brooklyn, NY 11201

        Re:    Chen v. King's Wok
                  Case No. 1:17-cv-07440-RWS

Dear Hon.

      Plaintiff Jian Chen ("Plaintiff," "Plaintiff Chen," or "Mr. Chen") and New King's Wok Kitchen, Inc. d/b/a King's Wok, Fang Lin, and John Doe, (collectively "Defendants") respectfully request that Your Honor approve the settlement reached in this matter. A copy of the proposed settlement agreement is annexed herein as **Exhibit A**.

      **Settlement Amount**

      Both parties believe that the settlement amount is fair and reasonable. This action was originally brought by Plaintiff for alleged unpaid minimum wages, overtime wages, spread of hours premiums, failure to give a wage notice at time of hire, failure to provide paystubs, and failure to pay retained gratuities pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. 201 et seq., and the New York Labor Law ("NYLL").

      Plaintiff Chen alleged that he was formerly employed as a deliveryman at King's Wok, a restaurant owned by Defendants. Defendants hired Plaintiff from February 2016 to June 2017. He alleged that he worked one day per week for 12.5 hours per day from February 2016 until January 2017, during this period, Plaintiff was paid a fixed daily rate of $70 regardless of the hours worked. He alleged that he worked full time at seven days per week for 92 hours a week from February 10, 2017 until June 20, 2017, and was paid a fixed monthly rate of $2,080 regardless of the hours worked. Plaintiff was not compensated for all the hours worked for the above periods of time.

If Plaintiff was to prevail on all of his FLSA claims, his unpaid wages, overtime premiums, exclusive of liquidated damages, would total approximately $20,000. Plaintiff is confident that he can prove his allegations through witness testimonies and documentary evidence. Defendants argued that the hours alleged were grossly exaggerated and that, moreover, King's Wok did not gross over $500,000 per year, thereby failing to meet the requisite monetary threshold necessary for there to be jurisdiction under the FLSA.

Nevertheless, the parties agreed on the settlement amount of $25,000.00 in order to avoid potentially significant and unanticipated burdens and expenses in establishing their respective positions.

The gross settlement amount is $25,000.00, inclusive of Plaintiff's counsel's attorneys' fees and costs of $8.800.00 with settlement payments to Plaintiff Torres of $16,200.00. The attorney's fees and costs are allocated as follows: $8,100.00 for fees, and $700.00 for costs. This reflects a reasonable compromise between the parties' dispute over Defendants' alleged failure to pay minimum wages, overtime compensation, spread of hours pay, retained gratuities earned by the Plaintiff and wage notice violations. This amount also considers the costs and the uncertainty of protracted litigation. This settlement was reached after extensive negotiations between the parties and the parties agree that the settlement is fair and reasonable.

**Attorney's Fees**

The settlement agreement also provides for reasonable attorneys' fees. Pursuant to our firm's agreement with the Plaintiff (**Exhibit B**), the firm will be reimbursed $700.00 in filing fees, costs, and retain 1/3 of the remaining settlement amount of $25,000.00 as attorneys' fees, which is $8,100.00 as set forth in Paragraph 1(a) of the Settlement Agreement. Based on my experience in handling FLSA and NYLL matters, this is a standard and acceptable arrangement for attorneys' fees.

Attorneys' fees of 33% on FLSA and NYLL claims are routinely approved by courts in the Second Circuit.  *See, e.g., Calle v. Elite Specialty Coatings Plus, Inc.,* 2014 U.S. Dist. LEXIS 164069 (E.D.N.Y. Nov. 19, 2014) (approving settlement of FLSA and NYLL claims stating that a "one-third contingency fee is a commonly accepted fee in this Circuit"); *Rangel v. 639 Grand St. Meat & Produce Corp.,* 2013 U.S. Dist. LEXIS 134207 (E.D.N.Y. Sept. 19, 2013).  This case is distinguishable from the case cited in *Cheeks*, wherein that settlement agreement was denied because the attorneys' fees were set at between 40 and 43.6 percent of the total payment, without justification to support the higher fees.  *Cheeks v. Freeport Pancake House, Inc.*, 796 F3d 199, 206 (2d Cir 2015) (*citing Lopez v Nights of Cabiria, LLC*, 96 F Supp 3d 170, 181-82 (SDNY 2015).  Therefore, as 1/3 is standard practice in FLSA claims, it is a fair number for this matter as well.

Hang & Associates, PLLC ("Hang & Associates") represents both plaintiffs and defendants in litigating claims arising out of the employment relationship, including claims for employment discrimination, wage and hour issues, and contact disputes. While the majority of Hang & Associates' plaintiff-side work is contingency based, Hang & Associates typically calculates its attorney fees based on its hourly rate. Mr. Jian Hang, Esq., principal attorney of Hang & Associates, has over ten years of experience in the field of employment law. He currently represents plaintiffs with wage & hour claims in more than 100 lawsuits in federal and

state courts and is well respected in the Flushing community. Prior to forming Hang & Associates Mr. Hang practiced labor law at Epstein, Becker & Green, P.C. Hang & Associates focuses exclusively on employment law. Given his years of experience, and the practice's specialized focus on employment law, his hourly rate of $350 per hour is reasonable.  The associate's rate is $275 per hour. Hang & Associates spent more than 27 hours on this matter, and had it been billing hourly, it would have incurred $9,437.5 in fees and costs. Hang & Associates is receiving $8,800.00 in this settlement agreement. The number of attorney hours represented in the attorney worksheet (attached as **Exhibit C**) is reasonable and represents hours that were necessarily expended on this litigation.

Plaintiff's Counsel and Defendants respectfully submit that the Settlement Agreement is fair and reasonable, and therefore jointly request that the Court approve or so order the Settlement Agreement.

Respectfully submitted,

 /s/  *Jian Hang*
Jian Hang, Esq.