UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK



Jian Chen, individually and on behalf of All Other Employees Similarly Situated,

                     Plaintiff,

- against -

New King's Wok Kitchen, Inc. d/b/a King's Wok, and Fang Lin,

                     Defendants.

Case No 1:17-cv-07440-RWS

## SETTLEMENT AGREEMENT AND RELEASE

    Plaintiff Jian Chen, on behalf of himself, his heirs, successors, executors, administrators, attorneys, and assigns (hereinafter, "Plaintiff"); Corporate Defendant New King's Wok Kitchen, Inc., on its own behalf, on behalf of its present and former directors, officers, partners, shareholders, members, representatives, agents, attorneys, owners, and insurers, and on behalf of all of its parent entities (including but not limited to any grandparent entities, great grandparent entities, and so on), subsidiaries, affiliates, successors, related entities, assigns, heirs, executors, administrators, and attorneys; and Individual Defendant, Fang Lin, on behalf of herself, her heirs, successors, executors, administrators, attorneys, and assigns, (collectively "Defendants," and with Plaintiff, the "Parties"), hereby agree upon this Settlement Agreement and Release ( the "Agreement") as a resolution of all issues involved herein as follows:

    1.    **Preliminary Matters**. Plaintiff has reviewed the terms of this Agreement, has had the opportunity to confer with his legal counsel, Hang & Associates, PLLC (hereinafter "Plaintiff's Counsel"), and/or other advisors of his own choosing in order to obtain advice with respect to the terms of this Agreement. Plaintiff has had the opportunity to consider his counsel's advice with respect to the foregoing Agreement. Plaintiff enters into this Agreement voluntarily and with a full understanding of its terms.

    2.    **No Admission of Liability**. The Parties recognize and agree that Defendants do not admit, and expressly deny, any violation of law or any liability to Plaintiff or to anyone else as a result of or growing out of the matters set forth in the Complaint styled *Chen v. New King's Wok Kitchen, Inc. et al* 1:17-cv-07440-RWS, filed in the United States District Court for the Southern District of New York (the "Pending Action"), or which could have been raised in such suit, or which otherwise involves Plaintiff's employment relationship with Defendants and the separation or termination of Plaintiff's employment relationship with Defendants.

3.      **Dismissal of Pending Action.** For and in consideration of the promises outlined in this Agreement, the sufficiency of which Plaintiff acknowledges, Plaintiff agrees: (1) to dismiss with prejudice, or cause to be dismissed with prejudice, the Pending Action; (2) not to re-file the causes of action asserted in the Pending Action against Defendants; and (3) not to institute any action against any Defendants in any court or other forum based on allegations or claims existing prior to the date of this Agreement that are released as set forth in this Agreement. The Parties expressly authorize their counsels to submit any papers to the Court that are necessary to effectuate the dismissal of the Pending Action and/or a full release of Plaintiff's claims as specified herein.

4.      **Consideration.**

A.      In consideration for Plaintiff signing this Agreement and in full satisfaction of all claims that Plaintiff may have against Defendants, its parent corporation, affiliates, subsidiaries, divisions, predecessors, insurers, successors and assigns and the current and former owners, officers, directors and agents thereof, known or unknown, asserted or unasserted, Defendants shall pay Plaintiff the sum of Twenty Five Thousand and 00/100 Dollars ($25,000.00) (hereinafter the "Settlement Amount"). This Settlement Amount is inclusive of all attorneys' fees and costs. The settlement shall be allocated as follows: $16,200 to Plaintiff, and $8,800 to Hang & Associates, PLLC as fees in the amount of $8,100 and filing fees, costs and expenses in the amount of $700.

B.      In consideration of the promises of Plaintiff set forth herein, Defendants shall pay the Settlement Amount set forth in Section 4(A) as a full and complete settlement and in final satisfaction of any and all claims pertaining to Plaintiff's employment with Defendants, forming subject matter of the Pending Action, that Plaintiff has or may have against Defendants, through the date Plaintiff executes his Agreement, as well as any claim for attorneys' fees and costs, in the manner set forth below:

(i)     Defendants shall pay the Settlement Amount <u>within five days</u> after the Court approves this Agreement by delivering <u>two</u> certified bank checks to Hang & Associates, PLLC, 136-20 38th Avenue, Suite 10G, Flushing, New York 11354.

   1. One check payable to Jian Chen in the amount of $16,200.

   2. One check payable to Hang & Associates, PLLC in the amount of $8,800.

(ii)    If the Defendants fail to make timely payments described in this Section, or if any payment check fails to clear (i.e. bounces) on its respective payment date, Plaintiff's Counsel shall provide, by email, fax, or mail, a notice to cure to the Defendants' Counsel. Defendants shall cure the default within ten (10) days from and including the date on which the notice was delivered. If the default is not cured within the ten (10) day period, all remaining payments specified in this Section will become due immediately and Defendants will consent to the entry of the executed Confession of Judgment, in favor of the Plaintiff in the United States District Court for the Southern District of New

York, or in any other court of competent jurisdiction, for the full amount set forth in the Confession of Judgment, less any payments that were already made under this Agreement.

(iii) The Parties expressly agree that the Court shall retain jurisdiction over this action until the final payment is made.

(iv) Defendants shall execute a Confession of Judgment for Fifty Thousand Dollars ($50,000) in the form annexed hereto as **Exhibit A**, and deliver (by mail and email) the executed original Confession of Judgment contemporaneously with this execution of this Agreement to Hang & Associates, PLLC, 13620 38th Avenue, Suite 10G, Flushing, NY 11354. Hang & Associates, PLLC shall hold the Confession of Judgment in escrow and will only file the same if Defendants fail to comply with the payment of any part of the Settlement Payment, as set forth in this Section, and the Defendants have not cured any such failure as set forth in this Section. Upon receipt of all the payments set forth herein, Hang & Associates, PLLC shall destroy the said Confession of Judgment.

5. **Release of All Wage and Hour-Related Claims.**

In consideration of the promises, payments, and actions of Plaintiff and Defendants set out in this Agreement and other good and valuable consideration, Plaintiff and Defendants, with respect solely and only to conduct that has arisen on, or prior to, the date this Settlement Agreement is executed, fully and forever release, relieve, waive, relinquish, and discharge each other from all actions, causes of action, suits, debts, dues, liabilities, obligations, costs, expenses, sums of money, controversies, accounts, reckonings, liens, bonds, bills, specialties, covenants, contracts, agreements, promises, damages, judgments, executions, claims, and demands concerning wage and hour matters including any and all claims arising under the Fair Labor Standards Act, the New York Labor Law, and the Wage Theft Prevention Act.

6. **Filing of Stipulation of Dismissal.** Notwithstanding Section 3, the Parties agree that no Stipulation of Dismissal with Prejudice will be filed with the Court unless and until the Settlement Amount as set forth in Section 4 be received by Hang & Associates, P.L.L.C.

7. **Entire Agreement.** Each party acknowledges that, except as expressly set forth herein, no representations of any kind or character have been made by any other party or parties, agents, representatives, or attorneys, to induce the execution of this Agreement. this Agreement constitutes a single integrated contract expressing the entire agreement of the Parties hereto. There is no other agreement or understanding, written or oral, expressed or implied, among the parties hereto concerning the subject matter hereof, except the agreements set forth in this Agreement. this Agreement constitutes and contains the entire agreement among the parties, and supersedes and replaces all prior negotiations and all agreements, proposed or otherwise, written or oral, concerning the subject matter hereof.

3

This is an integrated document. The headings used herein are for reference only and shall not in any way affect the meaning or interpretation of this Agreement.

8. **No Modification Except in Writing**. This Agreement cannot be modified or changed except by a writing, signed by the parties, with specific reference to this Agreement.

9. **No Waiver**. Failure by any party to enforce or seek to remedy any breach under this Agreement shall not be construed as a waiver of such rights nor shall a waiver by either party of default be construed as constituting a continuing waiver or as a waiver of any other breach.

10. **Counterparts**. This Agreement may be executed in any number of counterparts, and may be signed via facsimile or electronically, and each such counterpart shall be deemed to be an original instrument, but all such counterparts shall constitute one Agreement.

11. **Governing Law**. This Agreement shall be governed by and construed in accordance with the laws of the State of New York without regard to its conflict of laws provisions.

12. **Effective Date**. The effective date of this Agreement shall be the date upon which the last of the signatures below shall have been executed.

13. **Severability**. Should any clause, sentence, provision, paragraph, or part of this Agreement be adjudicated by any court of competent jurisdiction, or be held by another competent governmental authority having jurisdiction, to be illegal, invalid, or unenforceable, such judgment or holding shall not affect, impair, or invalidate the remainder of this Agreement, but shall be confined in its operation to the clause, sentence, provision, paragraph, or part of the Agreement directly involved, and the remainder of the Agreement shall remain in full force and effect.

IN WITNESS WHEREOF, the Parties hereto have executed, or caused this duly authorized officer, to execute this Agreement.

(The Space Below Is Intentionally Left Blank. Signature Page Follows.)

THE PARTIES AGREE THAT THEY HAD A REASONABLE PERIOD OF TIME TO CONSIDER THER AGREEMENT. PLAINTIFF ACKNOWLEDGES THAT HE HAS CONSULTED WITH HIS ATTORNEYS OF RECORD PRIOR TO THE SIGNING OF THER AGREEMENT.

PLAINTIFF FREELY AND KNOWINGLY, AND AFTER DUE CONSIDERATION AND CONSULTATION WITH HIS ATTORNEYS, HANG & ASSOCIATES, PLLC, ENTER INTO THER AGREEMENT INTENDING TO WAIVE, SETTLE, AND RELEASE ALL CLAIMS PLAINTIFF HAD, HAS OR MIGHT HAVE AGAINST DEFENDANTS.

_____    Dated: _____
Jian Chen

X _____    Dated: 12/26/2017
Fang Lin


X _____    Dated: 12/26/2017
New King's Wok Kitchen Inc.
by
Fang Lin_____, an Authorized Shareholder and/or Officer


So ordered
Sweet USDJ
1-3-18

5

AGREED AND ACCEPTED:

_____       12/28/2017
                                      _____
                                      Date

STATE OF NEW YORK    )
                     ) ss.:
COUNTY OF            )

On the 28th day of December, 2017, before me personally came Jian Chen to me known and known to me to be the individual who executed the foregoing Agreement, and who duly acknowledged to me that he executed the same.

_____
Notary Public

WILLIAM M BROWN
NOTARY PUBLIC-STATE OF NEW YORK
NO. 02BR6336855
QUALIFIED IN NASSAU COUNTY
MY COMMISSION EXPIRES 02-08-2020

AGREED AND ACCEPTED:

_____       12/26/2017
                                      _____
                                      Date

STATE OF NEW YORK    )
                     ) ss.:
COUNTY OF Queens     )

On the 26th day of Dec, 2017, before me personally came Fang Lin to me known and known to me to be the individual who executed the foregoing Agreement, and who duly acknowledged to me that he executed the same.

ROBERT L. KRASELNIK
Notary Public, State of New York
Notary No. 02KR6341795
Qualified in Weschester County
Expires May 16, 2020

6